UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STEVEN TRIANO,
             Plaintiff,

v.                                              Civ. No. 08-5751 (KSH)

THE JOURNAL NEWS, et al.,
             Defendants.                     **OPINION AND ORDER**

**Katharine S. Hayden, U.S.D.J.**

      This matter was opened to the Court upon motion to dismiss, or, in the alternative, to transfer venue. In his complaint, plaintiff Steven Triano asserts claims of slander, libel, defamation, and intentional and negligent infliction of emotional distress against named defendants Journal News and Lohud.com, both business units of Gannett Satellite Information Network, Inc. ("Gannett"), concerning defendants' alleged misreporting of a hunting incident that took place on November 19, 2007. On that date, while hunting with his friend James Morrone in Harpersfield, New York, plaintiff Triano alleges he was accidentally shot in the leg, apparently by Morrone, who has a related civil action pending in this Court against the same defendants (08-cv-5732).

      Gannett has moved to dismiss the action, or in the alternative for a transfer of venue to the Southern District of New York at White Plains. (D.E. 4.) Regarding Gannett's alternative argument in support of transfer, Triano takes "no position." *See* Pl.'s Opp'n at 1 and 2 ("For the reasons set forth above, the motion for dismissal pursuant to 12(b)(6) should be denied, or the case should be transferred"). Based upon the allegations in the complaint and under the applicable standards, venue appears to be proper in the Southern District of New York, White Plains.

1

As alleged in the complaint, Triano resides in White Plains, New York. The alleged location of the hunting incident, Harpersfield, is within Delaware County, New York. Gannett notes that the only connection to New Jersey appears to be that Gannett is deemed a resident of the District of New Jersey because it conducts sufficient business within New Jersey, albeit unrelated to its Journal News and lohud.com business units. (The Court observes as well that plaintiff's counsel maintains an office in New Jersey, but the "convenience of counsel is not a factor to be considered" in the transfer analysis. *Solomon v. Continental Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3rd Cir. 1973)).

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In resolving motions to transfer under Section 1404(a), Courts consider the convenience of parties, convenience of witnesses, and interests of justice, as enumerated under the statute, as well as other relevant factors in deciding whether the litigation should proceed in a different forum. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

The *Jumara*, factors as applied to this case strongly favor transfer. With respect to the location of the events at issue, Plaintiff's hunting accident and The Journal News' publication of the inaccurate article both occurred entirely in New York. (*See* Compl. at V. ¶ 1; Fredericks Aff., ¶¶ 4-5.) Second, the Southern District of New York's White Plains Courthouse is convenient for the parties: Triano pleads that his residence is in White Plains, New York and the Journal News' offices are also located in Westchester County, New York. (*See* Fredericks Aff. ¶ 4.) The factor weighing ease of access to proof also weighs heavily in favor of transfer because the Journal News' witnesses regularly work in Westchester County, New York (*see* Fredericks

Aff. at ¶¶ 8, 9 and 10), and both Triano and Morrone live and work in New York. Accordingly, all of the potential witnesses to the hunting incident and the publication of the erroneous article are located in New York. Also, the police report from the hunting incident and any proceedings involving the shooting are located in New York, whereas no evidence is located in New Jersey. (*See* Fredericks Aff. ¶¶ 11-12.)

In addition, the courts in New York clearly have a greater interest in adjudicating disputes between media outlets covering New York and New York residents concerning an event that occurred within in New York. *See Jumara*, 55 F.3d at 879-80 (recognizing "the local interest in deciding local controversies at home").

Pursuant to 28 U.S.C. § 1404(a), the action will be transferred to that Court. 28 U.S.C. § 1404(a).

Good cause appearing,

**IT IS** on this 10th day of March 2009,

**ORDERED** that the Clerk of Court transfer this action to the Southern District of New York, White Plains, pursuant to 28 U.S.C. § 1404(a); and it is further

**ORDERED** that the defendant Gannett's motion to dismiss is denied without prejudice; and it is further

**ORDERED** that the Clerk of Court mark this matter closed in the District of New Jersey.

/s/Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.